IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD WILLIAMS,<br><br>      Plaintiff,<br><br>v.<br><br>ST. CLAIR COUNTY, ROBERT HAIDA,<br>BERNADETTE SCHREMPP, and<br>VAN-LEAR ECKERT,<br><br>      Defendants. | Case No. 25-cv-156-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Edward Williams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Williams attempts to raise claims against several officials involved in his criminal proceedings. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## Discussion

Williams's Complaint alleges that he was "over" sentenced by St. Clair County Judge Robert Haida. Williams also believes that his appointed post-conviction counsel was ineffective (Doc. 1, p. 6). Specifically, Williams's post-conviction counsel Van-Lear Eckert failed to argue that Williams's plea was not knowing and voluntary (*Id.*). Williams also indicates that he is suing St Clair County State's Attorney Bernadette Schrempp as a defendant, alleging that she kept Williams from possessing the victim's medical records (*Id.*).

Both the State's Attorney and judge in Williams's criminal case may not be sued under Section 1983 for their conduct in his criminal proceedings. "Prosecutors are absolutely immune from liability for damages under [Section] 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). Judges are also protected by absolute immunity from Section 1983 suits for damages when they are sued for solely judicial acts. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Williams's claim that the State's Attorney in his case mishandled evidence is protected by prosecutorial immunity. The presiding judge is also immune from his sentencing determinations. Williams's court-appointed post-conviction counsel is also not a proper defendant. Section 1983 claims may only be brought against state actors, those that act under color of state law. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014). Court appointed attorneys, even if appointed by the state, do not act under color of state law and are not considered state actors. *Sceifers v. Trigg,* 46 F.3d 701, 704 (7th

2

Cir. 1995); *Polk County v. Dodson*, 454 U.S. 312, 321-325 (1981). Thus, Williams's claims against the named defendants are **DISMISSED with prejudice**.

Additionally, Williams's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In that case, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983.

*Id*.

Here, Williams seeks money damages for what he alleges was an improper conviction and sentence. He alleges that his plea was not voluntary and that his sentence was excessive. Although Williams maintains that his criminal case was reversed and remanded, his attached exhibits indicate that only his postconviction petition was remanded for new proceedings with new postconviction counsel (Doc. 1, p. 30). His conviction and sentence have not been reversed. Thus, his claims also appear to be barred by *Heck*.

The issues with Williams's Complaint cannot be cured; an amended pleading would be futile. *See Bogue v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). But to the extent Williams may be able to raise

these issues in a habeas petition or other proceeding,[1] the Complaint will be **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Bernadette A. Schrempp, Robert Haida, and Van-Lear Eckert are **DISMISSED with prejudice**. The Complaint is **DISMISSED without prejudice**. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

DATED:  May 21, 2025

*(signature)*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] In fact, Williams has raised some of these claims in a pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Williams v. Monti*, Case No. 24-cv-165-DWD (filed Jan. 24, 2024).